NEW-YORK, Jan. 1823.

The People
*vs.*
MarthaGreen
Mary Ann
Tompkins
and Eliza
Hays.

---

The People *vs.* Martha Green, Mary Ann Tompkins, and Eliza Hays. *Receiving stolen goods, knowing they were stolen.*

Where there is but one count in an indictment, charging A.B. and C. with receiving stolen goods, knowing they were stolen : and the evidence is, that A. received some of them, at a certain time, it is incompetent for the District Attorney to prove the reception of the other part of the goods by B. and C. at another time.

THE prisoners were put in the box, charged with receiving, knowing they were stolen, 20 Leghorn hats, 2 pieces of gingham, 1 piece of cotton shawls, the property of Mr. Norsworthy, on the 15th of December, 1822.

Mr. Norsworthy testified, that he had lost the articles mentioned in the indictment, about the last term of this court, but at what period they were stolen, he could not tell. He had found them at different places in the city, and from circumstances that had since come to his knowledge, he had no doubt they were stolen by Ann Vanderbilt, a black servant girl, who resided in his family.

Eliza Mellis was called, and proved that she kept a broker's office in Chatham street ; that each of the prisoners had been at her house, and had sold or pawned her goods by B.

some of the articles specified in the indictment, at differ-ent times, and recognized each of the prisoners, as having sold her part of the articles.

NEW-YORK, Jan. 1823.

The People vs. Martha Green Mary Ann Tompkins, & Eliza Hays.

Ann Vanderbilt was called and sworn. The court instructed her she was not compelled to answer any question that would criminate her, or even to answer any question at all; and directed Mr. M'Ewen to advise with her, in order that no advantage might be taken of her ignorance.

Upon her consenting to answer any question put to her, the court directed the examination to proceed.

She testified, that she was a servant in the family of Mr. Norsworthy, and had, at different times, taken the articles out of Mr. Norsworthy's store, and had given them to Eliza Hays, the prisoner; that she had taken them at her request; that Eliza Hays told her to steal and bring her the articles which she mentioned; in accordance with this request, she did steal, and bring her the articles mentioned in the indictment; that Eliza Hays had received all of them, but it was known by each of the other prisoners that they were stolen, and that they received part of them.

*Maxwell, District Attorney,* was going on to prove the receipt of part of the articles by Martha Green and Mary Ann Tompkins, at sundry times, from the hand of Ann Vanderbilt, when *Price* objected, that there was but one count in the indictment; that on a charge against the prisoners, of a specific act, it was incompetent for the District Attorney to show a different one, in order to prove the reception of some of the articles by Martha and Mary Ann.

The court were of opinion, that he counsel for the prosecution ought to be confined in his proof to the charge as laid in the indictment.

NEW-YORK.
Jan. 1823.

The People
vs.
MarthaGreen
Mary Ann
Tompkins, &
Eliza Hays.

*Maxwell* consented, and proceeded in the examination of the witness. She testified, that she would not have stolen the goods, had she not been advised to it by the prisoner; that she had stolen them at different times, but always at the request, and with the advice, and under the direction of the prisoners, and had, immediately after the felony, taken the articles to Eliza Hays, who divided them with Martha and Mary Ann.

*Price* and *Fay* now took an exception to the indictment on another ground: they contended, that by the evidence now before the court, it clearly and satisfactorily appeared, that the prisoners were either guilty with the witness as principals, or accessaries; that by the testimony of the witness, the prisoners had directed and advised her to commit the felony; that they had received, and for their use, all the articles stolen; that an indictment for receiving stolen goods, knowing they were stolen, could not be supported, where, by the evidence it appeared that the party counselled and advised the act.

*Maxwell* replied, that he admitted the rule of law, as contended for by the counsel for the prisoner, but insisted that this case was not within the operation of the principle; that the evidence did not support the principle taken for the prisoners; that he held the law to be, that if one tells another to steal the goods of some third person, without specifying what particular kind of goods, he is not guilty of larceny, nor can he be proceeded against either as principal or accessary, but if the particular kind of goods be specified, he admitted it would be felony.

The court was of the same opinion, and intimated they would so charge the jury.

The counsel for the prisoners replied, that it appeared by the evidence, that the felony was committed by the ex-

press direction of one of the prisoners; that she had told Ann to steal certain goods, naming them; that if it was a larceny in Ann, it was also a larceny in the prisoners; that the misdemeanor of receiving stolen goods, knowing they were stolen, was merged in the felony; and that if the defendants were found guilty on this indictment, they might be arraigned and tried on an indictment for larceny; and that, upon such arraignment, they could not plead *autre fois acquit*, but would be remediless. The counsel contended, that, by the evidence now before the court, an indictment, either as principal or accessary to larceny, might be supported.

The Court observed, this was a second Croke's case, where the counsel for the prisoners, in order to free their clients from the responsibility of a crime, were obliged to plead a higher one. The Court observed, that it was matter proper for the consideration of the jury; and, after recapitulating the facts of the case to the jury; left it for them to say whether, under all the circumstances, the prisoners were guilty or not guilty: observing, that if there was any weight in the objections raised by the counsel for the prisoners, they would have the benefit of it.

They were found guilty, and were sentenced to the Penitentiary for the term of three years.